IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

PACKAGING MACHINERY )
MANUFACTURERS INSTITUTE, )
INC., )
 )
Plaintiff, )
 )
v. )   Civil Action No. 1:19cv1583 (TSE/JFA)
 )
DATA MARKETERS, INC. )
d/b/a LOGICHANNEL, )
 )
Defendant. )
_____ )

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the court on plaintiff's motion for default judgment pursuant to

Federal Rule of Civil Procedure 55(b)(2). (Docket no. 11). In this action, plaintiff Packaging

Machinery Manufacturers Institute, Inc. ("plaintiff" or "Packaging Machinery") seeks a default

judgment against defendant Data Marketers, Inc. d/b/a LogiChannel ("defendant" or "Data

Marketers"). Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned magistrate judge is filing

with the court his proposed findings of fact and recommendations, a copy of which will be

provided to all interested parties.

### Procedural Background

On December 18, 2019, plaintiff filed a complaint against defendant alleging trademark

infringement and false association and advertising under the Lanham Act, violation of the

Virginia Trademark and Service Mark Act, and unfair competition under Virginia common law.

(Docket no. 1) ("Compl."). A summons was issued for service on defendant on the same day.

(Docket no. 6). On January 3, 2020, plaintiff filed a return of service confirming that the

summons and complaint were served on defendant's registered agent on December 19, 2019. (Docket no. 7).  In accordance with Federal Rule of Civil Procedure 12(a), defendant's responsive pleading was due January 9, 2020, twenty-one (21) days after defendant was served with a copy of the summons and complaint.  Defendant has not filed a responsive pleading and the time for doing so has expired.

On January 14, 2020, the District Judge ordered plaintiff to seek an entry of default from the Clerk, and after obtaining the entry of default, to file a motion for default judgment and an accompanying memorandum.  (Docket no. 8).  Plaintiff filed its request for entry of default as to defendant pursuant to Federal Rule of Civil Procedure 55(a) on January 15, 2020.  (Docket no. 9).  The following day, the Clerk of Court entered default as to Data Marketers.  (Docket no. 10).  On January 23, 2020, plaintiff filed a motion for default judgment (Docket no. 11), a memorandum in support (Docket no. 12), a declaration of Meredith Newman (Docket no. 12-1), a declaration of Robert Vieth (Docket no. 12-2), exhibits (Docket nos. 12-3, 12-4), and a notice of hearing for February 7, 2020 (Docket no. 13).  On February 7, 2020, plaintiff's counsel appeared before the undersigned, but no one appeared on behalf of the defendant.

### Factual Background

The following facts are established by the complaint.  Plaintiff Packaging Machinery Manufacturers Institute, Inc. is a Delaware corporation with its principal place of business in Reston, Virginia.  (Compl. ¶ 1).  Defendant Data Marketers, Inc. (d/b/a LogiChannel) is also a Delaware corporation with its principal place of business in Reston, Virginia.  (Compl. ¶ 2). Plaintiff is a trade association that hosts various trade shows across the world, to include PACK EXPO Las Vegas (the "Expo").  (Compl. ¶¶ 6–7).  As part of the Expo, plaintiff maintains a list of the attendees ("Attendee List") which contains valuable contact information such as email and

mailing addresses. (Compl. ¶ 9). Plaintiff has never sold, rented, or distributed the Attendee List

to any third party outside of the approved vendors for the Expo. (Compl. ¶ 10). Plaintiff also

owns certain names and registered trademarks associated with the Expo; specifically, the name

"PACK EXPO LAS VEGAS," the name "PACK EXPO," and the logo design for "PACK

EXPO." (Compl. ¶ 11). These marks have been used and displayed on plaintiff's website,

promotional materials, and literature relating to the Expo. (Compl. ¶ 14).

Defendant is a data and marketing services company. (Compl. ¶ 15). Several months

before the Expo began, representatives at defendant began to contact individuals, including

individuals at plaintiff, claiming to have a list of Expo attendees for sale. (Compl. ¶ 16). One

such individual that defendant contacted was Steve Osborne, an employee of OB

Communications which plaintiff had hired to provide sales and consulting services to plaintiff.

(Compl. ¶¶ 17, 19). Osborne received an email from a representative at defendant asking if he

would be interested in purchasing the purported attendee list, and, in order to determine whether

defendant had an actual copy of the original Attendee List, plaintiff and Osborne decided that he

should follow through with the purchase. (Compl. ¶¶ 18, 21). Osborne paid defendant

$4,500.00 for the purported attendee list and on September 11, 2019, he received an email with a

link to download the list. (Compl. ¶ 26). The purported attendee list contained over 29,000

names, only 150 of which were names of individuals who actually attended the Expo. (Compl. ¶

27). Defendant's use of plaintiff's registered marks was without plaintiff's consent, authority,

permission, or license. (Compl. ¶ 28).

## Proposed Findings and Recommendations

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default

judgment when "a party against whom a judgment for affirmative relief is sought has failed to

plead or otherwise defend." Fed. R. Civ. P. 55(a). Based on the defendant's failure to file a responsive pleading, the Clerk of Court has entered a default as to Data Marketers. (Docket no. 10). A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter when necessary to enter or effectuate judgment.

## Jurisdiction and Venue

A court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment. Plaintiff brings two causes of action—infringement of federally registered trademarks and unfair competition, trademark infringement, and passing off— under the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. § 1051, *et seq.* This court has subject matter jurisdiction over these claims under 28 U.S.C. §§ 1331 and 1338. Plaintiff also brings two substantial and related causes of action under Virginia law; specifically, the Virginia Trademark and Service Mark Act and Virginia common law. This court has supplemental jurisdiction over these claims under 28 U.S.C. § 1367. This court also has personal jurisdiction over defendant because defendant transacts business in Virginia and its principal place of business is located in Reston, Virginia. (Compl. ¶ 2). Pursuant to 28 U.S.C. § 1391(b),

venue is proper in this District because a substantial part of the events or omissions giving rise to plaintiff's claims occurred here.  (Compl. ¶ 5).

Given that defendant is in default, and therefore admits the factual allegations in the complaint, the undersigned magistrate judge recommends a finding that this court has subject matter jurisdiction over this action, that this court has personal jurisdiction over defendant, and that venue is proper in this court.

<u>Service</u>

Pursuant to Federal Rule of Civil Procedure 4(h), a corporation, partnership, or other unincorporated association may be served in a judicial district of the United States (1) in the manner prescribed in Rule 4(e)(1) for serving an individual; or (2) by delivering a copy of the summons and complaint to an officer, manager, or general agent, or any other agent authorized by law to receive service of process.

On December 18, 2019, a summons was issued as to defendant Data Marketers.  (Docket no. 6).  The following day, Daniel Wood, a private process server, delivered the summons and complaint to Lindsey Herrera, an individual authorized to accept service on behalf of Virginia Registered Agent Services, LLC, the registered agent for defendant. (Docket no. 7).  Based on the foregoing, the undersigned magistrate judge recommends a finding that service of process has been accomplished in this action.

<u>**Grounds for Entry of Default**</u>

In accordance with Federal Rule of Civil Procedure 12(a), defendant was required to file a responsive pleading by January 9, 2020, twenty-one (21) days after defendant was served with a copy of the summons and the complaint.  No responsive pleading has been filed by the defendant and the time for doing so has expired.  On January 15, 2020, plaintiff filed a request

for entry of default against defendant pursuant to Federal Rule of Civil Procedure 55(a). (Docket no. 9). The certificate of service accompanying the filing indicates that plaintiff's counsel sent a copy to defendant's registered agent. (*Id.* at 3). The Clerk of Court entered a default against defendant on January 16, 2020. (Docket no. 10).

On January 23, 2020, plaintiff filed a motion for default judgment (Docket no. 11), a memorandum in support (Docket no. 12), a declaration of Meredith Newman (Docket no. 12-1), a declaration of Robert Vieth (Docket no. 12-2), exhibits (Docket nos. 12-3, 12-4), and a notice setting the motion for a hearing on February 7, 2020 (Docket no. 13). The certificates of service accompanying the motion, memorandum in support, and notice indicate that plaintiff's counsel sent a copy of the motion, memorandum, declarations, exhibits, and notice to defendant's registered agent. (Docket nos. 11, 12). For the reasons stated above, the undersigned magistrate judge recommends a finding that the Clerk of Court properly entered a default as to defendant and that defendant has notice of these proceedings.

## Liability[1]

According to Federal Rule of Civil Procedure 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Because defendant failed to file a responsive pleading and is in default, the factual allegations in the complaint are deemed admitted. *See* Fed. R. Civ. P. 8(b)(6).

---

[1] Plaintiff's complaint includes two counts that allege violation of the Virginia Trademark and Service Mark Act (Count III) and violation of Virginia Common Law Unfair Competition, "Passing Off" (Count IV). (Compl. ¶¶ 43–51). As plaintiff notes, the same factual allegations that underscore violations of the Lanham Act (Counts I and II) establish defendant's liability for its violations of Virginia law. (Docket no. 12 at 4). The relief plaintiff requests, namely a permanent injunction, damages, and attorney's fees and costs, are all authorized under the Lanham Act. Accordingly, this proposed findings of fact and recommendations will be limited to the federal allegations of the complaint.

**Trademark Infringement (Count I) and**
**False Association and False Advertising (Count II)**

Plaintiff has established that defendant is liable for trademark infringement and false

advertising of registered trademarks under the Lanham Act.  Under 15 U.S.C. § 1114(a), a party

is liable for trademark infringement when that party, without the consent of the trademark

registrant, "use[s] in commerce any reproduction, counterfeit, copy, or colorable imitation of a

registered mark in connection with the sale, offering for sale, distribution, or advertising of any

goods or services on or in connection with which such use is likely to cause confusion, or to

cause mistake, or to deceive."  Similarly, a party is liable for false advertising and false

association when that party's use of the trademark is "likely to cause confusion, or to cause

mistake, or to deceive as to the affiliation, connection, or association of such person with another

person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial

activities by another person."  15 U.S.C. § 1125(a)(1)(A).

To prevail on a claim for trademark infringement under the Lanham Act, a plaintiff must

establish: "(1) that it owns a valid mark; (2) that the defendant used the mark 'in commerce' and

without plaintiff's authorization; (3) that the defendant used the mark (or an imitation of it) 'in

connection with the sale, offering for sale, distribution, or advertising' of goods or services; and

(4) that the defendant's use of the mark is likely to confuse consumers."  *Rosetta Stone Ltd. v.*

*Google, Inc.*, 676 F.3d 144, 152 (4th Cir. 2012) (citing *Louis Vuitton Malletier S.A. v. Haute*

*Diggity Dog, LLC,* 507 F.3d 252, 259 (4th Cir. 2007); *People for the Ethical Treatment of*

*Animals v. Doughney*, 263 F.3d 359, 364 (4th Cir. 2001)).

First, plaintiff's registered trademarks are valid trademarks.  As alleged in the complaint,

plaintiff has three federally registered trademarks associated with the Expo with the U.S. Patent

and Trademark Office.  (Compl. ¶ 11).  Respectively, plaintiff's "PACK EXPO LAS VEGAS"

trademark was registered on April 25, 2000; plaintiff's "PACK EXPO" trademark was registered on January 20, 1987; and plaintiff's logo design for the "PACK EXPO" trademark was registered on August 26, 1986. (*Id.*). Registration of a trademark with the U.S. Patent and Trademark Office serves as conclusive or *prima facie* evidence of the validity of the marks. *Pizzeria Uno Corp v. Temple*, 747 F.2d 1522, 1529 (4th Cir. 1984). The *prima facie* evidence of validity is unrebutted as defendant is in default. Therefore, plaintiff's registered marks are valid trademarks. Second, plaintiff has established that defendant used its registered marks in commerce without plaintiff's authorization. (Compl. ¶ 28). Third, plaintiff has established that defendant used the registered marks "in connection with the sale, offering for sale, distribution, or advertising" of goods by offering for sale and selling the purported Expo attendee list. (Compl. ¶¶ 16–27).

Fourth, plaintiff has established that the use of its registered marks in connection with the sale of the purported attendee list is likely to confuse consumers. The Fourth Circuit has identified nine factors that should be considered in assessing the likelihood of confusion in a trademark infringement case: (1) the strength or distinctiveness of plaintiff's mark; (2) the similarity of the parties' mark; (3) the similarity of the goods or services that the marks identify; (4) the similarity of the facilities used by the parties; (5) the similarity of advertising used by the parties; (6) defendant's intent; (7) actual confusion; (8) the quality of defendant's product; and (9) the sophistication of the consuming public. *George & Co. LLC v. Imagination Entm't Ltd.*, 575 F.3d 383, 393 (4th Cir. 2009) (citing *Pizzeria Uno Corp.*, 747 F.2d at 1527 (identifying factors one through seven); *Sara Lee Corp. v. Kayser-Roth Corp.*, 81 F.3d 455, 463–64 (4th Cir. 1996) (identifying factors eight and nine)).

8

Plaintiff's registered trademarks are distinctive given their prominent use on plaintiff's website, promotional materials, and literature relating to the Expo. (Compl. ¶ 14). Such materials have been distributed to, and the website has been viewed by, thousands of customers across the world. (*Id.*). Additionally, thousands of customers physically attend the Expo event where plaintiff's marks are displayed. (Compl. ¶ 8). Defendant used plaintiff's mark to advertise and sell its purported attendee list, passing off its list as containing the same information as plaintiff's Attendee List and utilizing plaintiff's marks to cause consumer confusion. (Compl. ¶¶ 30, 38). Defendant's purported attendee list is also of a different quality to plaintiff's Attendee List as only 150 names, out of 29,000 names, were individuals who actually attended the Expo. (Compl. ¶ 27). Accordingly, the undersigned recommends a finding that plaintiff has established a likelihood of confusion, entitling them to relief under the Lanham Act.

## Relief Sought

Plaintiff's motion for default judgment and memorandum in support seek: (i) a permanent injunction enjoining the defendant from infringing plaintiff's trademarks; (ii) $13,500.00 in damages; and (iii) attorneys' fees of $18,067.00 and costs of $558.25. (Docket no. 12 at 5–8, Docket no. 12-2 at ¶ 3).

**Permanent Injunction**

The Lanham Act vests the court with the power to grant injunctions, "according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark registered in the Patent and Trademark Office." 15 U.S.C. § 1116(a). For the court to provide injunctive relief, a plaintiff must demonstrate (1) irreparable harm; (2) that the remedies available at law are inadequate; (3) the balance of the

9

hardship falls in plaintiff's favor; and (4) the public interest would not be disserved by the injunction. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 390 (2006).

First, plaintiff has established irreparable injury. The Fourth Circuit has found that "irreparable injury regularly follows from trademark infringement." *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 939 (4th Cir. 1995). As alleged in the complaint, plaintiff is suffering irreparable harm, and will continue to do so in the future, as a result of defendant's use of plaintiff's Expo related registered marks. (Compl. ¶ 41). Specifically, defendant's actions have resulted in both economic and reputational injury to plaintiff and has caused confusion, mistake, and deception among customers, possibly leading to potential customers withholding trade from plaintiff in the future. (Compl. ¶¶ 32, 37–40, 41). Second, defendant's use of plaintiff's trademarks will continue to cause irreparable harm by diluting plaintiff's trademarks, and there is no other adequate remedy at law that will compensate for that continued harm. (Compl. ¶¶ 34, 37–39). Defendant's use has caused prospective and actual customers to wrongly believe that plaintiff approves, sponsors, or is affiliated with defendant's goods and services, thereby harming plaintiff's reputation and goodwill. (Compl. ¶¶ 37, 38, 41). Third, the balance of harms favors plaintiff since it has used its registered marks for decades, and defendant has used the marks for a little over six months. (Compl. ¶¶ 11, 16, 18). Finally, the public interest is served in avoiding consumer confusion and by preventing the deceptive use of trademarks. *Toolchex, Inc. v. Trainor*, 634 F. Supp. 2d 586, 594 (E.D. Va. 2008) (citing *Bowe Bell & Howell Co. v. Harris*, 145 F. App'x 401, 404 (4th Cir. 2005); *JTH Tax, Inc. v. Lee*, 514 F. Supp. 2d 818, 826 (E.D. Va. 2007)).

Based on the foregoing, the undersigned magistrate judge recommends an order permanently enjoining the defendant from further infringing on plaintiff's trademarks.

10

**Damages**

Pursuant to 15 U.S.C. § 1117(a), when a plaintiff has established a violation of its rights as registrant of a mark registered in the U.S. Patent and Trademark Office, or a violation under 15 U.S.C. § 1125(a) or § 1125(d), or a willful violation under 15 U.S.C. § 1125(c), it is entitled to recover the defendant's profits from such violations. A plaintiff is only required to prove the defendant's sales; it is the defendant who bears the burden of proving "all elements of cost or deduction claimed." 15 U.S.C. § 1117(a). A plaintiff may also seek treble damages. *Id.* The court, in assessing damages, may enter judgment "for any sum above the amount found as actual damages, not exceeding three times such amount." *Id.* The final sum entered by the court is considered compensation, not a penalty. *Id.* The court has a "wide scope of discretion to determine the proper relief due an injured party." *Hosp. Int'l, Inc. v. Mahtani*, No. 2:97cv87, 1998 WL 35296447, at *10 (M.D.N.C. Aug. 3, 1998) (internal citations omitted). However, in general, courts have exercised this discretionary authority to increase the profits award to a trebled amount in cases involving "intentional, knowing, deliberate, or willful infringement." *Id.* at *13.

Plaintiff's complaint "proves defendant's sales" by detailing defendant's representations that the purported attendee list was available for purchase for $4,500.00 and plaintiff's subsequent payment of this amount. (Compl. ¶¶ 25–26). Defendant has failed to litigate this case in any manner, thus it fails to meet its burden to prove any costs or deductions claimed. Plaintiff seeks treble damages and requests a total of $13,500.00, asserting that it is entitled to recover this amount as defendant's violation was willful. (Docket no. 12 at 6). Defendant is in default and therefore admits the factual allegations in the complaint, and the factual allegations in the complaint support a finding the defendant's infringement of plaintiff's marks was willful.

Accordingly, the undersigned magistrate judge recommends entry of an order granting plaintiff

$13,500.00 in damages.[2]

**Attorneys' Fees and Costs**

The Lanham Act also provides for the award of full costs and reasonable attorneys' fees

in "exceptional cases." 15 U.S.C. § 1117(a). Under Fourth Circuit law, a court may find a case

"exceptional" when it determines, in the totality of the circumstances, that:

> (1) there is an unusual discrepancy in the merits of the positions taken by the
> parties, based on the non-prevailing party's position as either frivolous or
> objectively unreasonable; (2) the non-prevailing party has litigated the case in an
> unreasonable manner; or (3) there is otherwise the need in particular
> circumstances to advance considerations of compensation and deterrence.

*Georgia-Pacific Consumer Prods, LP v. von Drehle Corp.*, 781 F.3d 710, 721 (4th Cir. 2015)

(internal quotations and citations omitted). A plaintiff must establish the reasonableness of the

requested fees and costs, including the hours worked and the requested rates. *Plyler v. Evatt*, 902

F.2d 273, 277 (4th Cir. 1990).

Here, defendant has not offered any position to justify its infringement of plaintiff's

trademarks. Plaintiff's complaint, which defendant has admitted to the factual allegations

contained therein, asserts that defendant's use of the marks was willful and without plaintiff's

authorization. (Compl. ¶ 32). Given this, there is no objectively reasonable position to justify

defendant's actions. Additionally, defendant has not litigated this case in a reasonable manner

considering that it has not responded at all to either plaintiff or the court since the complaint was

filed on December 18, 2019. Finally, there is a particular need to deter defendant's behavior in

light of defendant's disregard of this litigation, alongside a need to compensate plaintiff for

---

[2] Defendant has failed to appear in this case and therefore plaintiff has not had the opportunity to discover how many purported attendee lists defendant actually sold in order to calculate all defendant's sales. This fact further supports the trebling of the one sale to plaintiff.

defendant's willful infringement. *See Retail Servs., Inc. v. Freebies Publ'g*, 364 F.3d 535, 550 (4th Cir. 2004) (previously defining an "exceptional case" as one in which "defendant's conduct was malicious, fraudulent, willful or deliberate in nature").

Plaintiff has established the reasonableness of its requested fees and costs. The Fourth Circuit requires a court to engage in the following analysis when calculating an appropriate award: (1) calculate the lodestar (the product of hours worked and hourly rate) applying the *Johnson/Barber* factors; (2) analyze how many hours were spent reasonably litigating the successful versus the unsuccessful claims; and (3) subtract the hours worked on unsuccessful claims unrelated to the successful claims. *Grissom v. The Mills Corp.*, 549 F.3d 313, 320–21 (4th Cir. 2008). In support of its claim for attorneys' fees and costs, plaintiff submitted the declaration of Robert Vieth (Docket no. 12-2) and copies of invoices detailing the fees and costs for this matter (*Id.*). As detailed in the invoices and plaintiff's memorandum in support of its motion for default judgment, Elizabeth Burneson, an associate, performed 20.2 hours of work on this matter; Robert Vieth, a partner, performed 11.5 hours of work; and Robert Henley, also a partner, performed 12.8 hours of work. (Docket no. 12 at 8). Having reviewed the declaration and the invoices detailing the hours, fees, and costs for this matter, the undersigned concludes that plaintiff's counsels' billing rates are reasonable, and all entries in the invoices are reasonable and related to the successful claims. Therefore, the undersigned magistrate judge recommends entry of an order granting plaintiff recovery in the amount of $18,067.00 for attorneys' fees and costs in the amount of $558.25 including the $400.00 filing fee and $158.25 process service fee.

### Conclusion

For the foregoing reasons, the undersigned magistrate judge recommends that a default judgment be entered in favor of Packaging Machinery Manufacturers Institute, Inc. and against

Data Marketers, Inc. d/b/a LogiChannel pursuant to Count I alleging federal infringement of registered trademarks (15 U.S.C. § 1114(1)(a)) and Count II alleging unfair competition, trademark infringement, and passing off in violation of the Lanham Act (15 U.S.C. § 1125(a)). The undersigned recommends that Data Marketers, Inc., its officers, agents, servants, employees, and other persons acting on its behalf be permanently enjoined from advertising, offering, or selling any goods or services using or infringing plaintiff's Expo-related registered marks, specifically PACK EXPO LAS VEGAS, PACK EXPO, and the logo design for PACK EXPO. The undersigned also recommends an award to plaintiff of $13,500.00 in damages.  The undersigned further recommends that plaintiff should recover $18,067.00 in attorneys' fees and $558.25 in costs.

### Notice

By means of the court's electronic filing system and by mailing a copy of this proposed findings of fact and recommendations to Data Marketers, Inc. d/b/a LogiChannel, Virginia Registered Agent Services LLC, 4445 Corporation Lane, Suite 264, Virginia Beach, VA 23462, the parties are notified that objections to this proposed findings of fact and recommendations must be filed within fourteen (14) days of service of this proposed findings of fact and recommendations and a failure to file timely objections waives appellate review of the substance of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on this proposed findings of fact and recommendations.

ENTERED this 7th day of February, 2020.

/s/
John F. Anderson
United States Magistrate Judge
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia